{¶ 34} I respectfully dissent from the majority, since I find that the trial court abused its discretion by changing the trial date just two days before trial and, then, subsequently denying appellants' motion for a continuance. The trial court's arbitrary actions forced appellants to proceed unrepresented, which prevented presumably innocent and injured parties from having their day in court. *Page 9 
 {¶ 35} There is nothing in the record to suggest that appellants' motion for a continuance was due to a dilatory, purposeful, or contrived reason. Nor did appellants' counsel contribute to the circumstances that gave rise to the request. In fact, the record reveals that appellants' counsel complied with the Ohio Rules of Superintendence. In particular, Sup. R. 41, in relevant part, states:
 {¶ 36} "When a continuance is requested for the reasons that counsel is scheduled to appear in another case assigned for trial on the same date in the same or another trial court of this state, the case whichwas first set for trial shall have priority and shall be tried on thedate assigned. Criminal cases assigned for trial have priority overcivil cases assigned for trial." (Emphasis added).
 {¶ 37} Thus, where the court moves a scheduled trial two days prior to trial, and counsel has shown good cause for delay, it is unreasonable to proceed and compel appellants to go through a trial without representation.
 {¶ 38} In denying appellants' motion for a continuance, the court reasoned that the parties should have been prepared for trial the following day since the parties knew that the trial was expected to last two days. The inherent flaw with this logic is twofold. First, the record is clear that the parties had entered into a stipulation waiving the jury demand in this matter. It is wholly credible that counsel for all parties were under the impression this simple matter could be concluded on the first day of the bench trial. This is not an aggravated murder prosecution.
 {¶ 39} Secondly, it is clear that counsel for appellants was not privy to any "understanding" this would be a two-day session. The probable length of the trial was discussed in the pretrial meeting with Appellee Timeoni's counsel and Appellees *Page 10 
Ciancibelli and Spinning Wheel Farm's counsel. However, appellants' counsel was absent from this pretrial apparently because appellants, as third party defendants, had not filed their answer at the time of the pretrial. Thus, appellants' counsel was not privy to this conversation regarding the expected length of the trial.
 {¶ 40} Even Appellee Ciancibelli's counsel advised the court of this fact and did not object to the motion for a continuance, stating, "[y]our honor * * * at the time of the pre-trial, Mr. O'Shea, they hadn't filed their answer yet. He wasn't here. I don't think he knew, to be honest it was a two day trial. It doesn't say anywhere in your Judgment Entry it was a two day trial."
 {¶ 41} More importantly, the trial court's actions prejudiced appellants. Forcing appellants to proceed unrepresented over their objections and without the expertise of their counsel does not serve the interests of justice. Appellants clearly voiced their objections to proceed without representation, to no avail.
 {¶ 42} Although the court attempted to give them the choice of proceeding, the court shirked its own responsibility for its actions and, essentially, shifted the blame to appellants' counsel when it stated:
 {¶ 43} "So I'm not trying to put you in the position where you're representing yourself but, in fact, maybe Mr. O'Shea has put you in that position because you may present your side of the story. I want to give you every opportunity to do that but it's up to you to decide what you want to do at this point since he's not here. That's all."
 {¶ 44} As demonstrated in the record, appellants lacked the expertise necessary to adequately represent themselves. Thus, in reality, the court, by asking appellants to *Page 11 
proceed pro se on the morning of trial, left them with virtually no choice at all; either proceed pro se or not be heard at all. These actions clearly prejudiced appellants.
 {¶ 45} Fundamentally, the outcome of the case might well have been different for appellants had they been represented by counsel. The court has already found the actions of appellees to be wrongful. Appellants may well be entitled to punitive damages and attorney fees for the deceptive acts of Spinning Wheel Farm and Ciancibelli. Due to Appellee Ciancibelli's deceptive acts, appellants have to return a horse their daughter has been riding for a year and that they believed they purchased under a lawful sale. This situation is not only wrong, it is outrageous. If appellants were successful in being awarded attorney fees and punitive damages, the difficult and emotional search for a new animal companion would at least be monetarily compensated. In short, justice would be served in this sordid affair. I would remand for retrial so that appellants could have the case fairly heard on its merits. *Page 1